## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ANDREW CORPORATION,

    Plaintiff,

    v.

DANIEL CASSINELLI,

    Defendant.

Case No. 08-C-3088

Honorable Harry D. Leinenweber

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiff, Andrew Corporation ("Andrew"), by and through its undersigned counsel, hereby moves this Court for an Order granting expedited discovery in connection with its Motion for Preliminary Injunctive Relief, and, in support thereof, states as follows:

1.    As noted in detail in Andrew's Motion for Preliminary Injunctive Relief and Memorandum in Support, Defendant, Daniel Cassinelli ("Cassinelli"), is improperly using Andrew's confidential information to solicit Andrew's customers in violation of valid and binding confidentiality and non-competition provisions in his employment agreement.

2.    Indeed, just hours before he left Andrew, Cassinelli obtained updated product pricing information relating to one of Andrew's largest customers, Verizon. This followed on the heels of Cassinelli's refusal to sign Andrew's Exit Statement regarding the protection of Andrew's trade secrets, Cassinelli's collection and manipulation of multiple confidential reports, and Cassinelli's admission that his Employment Agreement was "going to be a problem" with respect to his new job at PPC. Andrew thus is exceedingly confident that Cassinelli will attempt to divert Verizon and other valuable Andrew accounts to PPC, a direct competitor of Andrew.

3.      Andrew has been damaged by Cassinelli's wrongful conduct, and, unless he is properly enjoined, Andrew will continue to suffer irreparable harm to its customer relationships. Andrew therefore seeks a preliminary injunction to restrain Cassinelli's unlawful solicitation and use of Brown's customer information, thereby maintaining the status quo pending trial.

4.      To develop a full factual record for the Court's consideration of its Motion for Preliminary Injunctive Relief and to properly fashion the scope of the order for preliminary injunction, Andrew requests leave to conduct expedited discovery. "Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (granting motion for expedited discovery in advance of preliminary injunction hearing).

5.      Here, Andrew seeks to issue Requests for Production and Interrogatories to Cassinelli that will be limited in scope and narrowly tailored to developing a full factual record prior to the Court's consideration of its Motion for Preliminary Injunctive Relief. (*See* Requests for Production and Interrogatories, attached hereto as Group Exhibit A.) This discovery is especially necessary because Cassinelli worked out of his home, and Andrew does not know the extent to which he retained confidential information. To date, Cassinelli has not returned any documents to Andrew, nor has he confirmed the destruction of Andrew confidential information. Rather, what Andrew does know is that Cassinelli obtained updated customer product information just hours before he left the company and accessed and manipulated the Customer Information Report ten different times shortly after his employment negotiations with PPC began.

6.      Brown respectfully requests that the Court grant it leave to conduct expedited discovery according to the following schedule:

(a)     Cassinelli's Responses to Andrew's First Set of Expedited Requests for Production within 7 days of service thereof; and

(b)     Cassinelli's Responses to Andrew's First Set of Expedited Interrogatories Within 7 days of service thereof;

WHEREFORE, Plaintiff Andrew Corporation respectfully requests that this Court grant this Motion and enter an Order allowing for the expedited discovery requested herein.

Respectfully submitted,

ANDREW CORPORATION


By: /s/     Gia F. Colunga                          
        One of Its Attorneys

Jeffrey J. Mayer
Catherine A. Miller
Gia F. Colunga
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois  60606-6677
312.360.6000

Dated: June 17, 2008


1549816v1

# EXHIBIT  A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 08-C-3088 |
| DANIEL CASSINELLI, | Honorable Harry D. Leinenweber |
| Defendant. | |

**PLAINTIFF'S FIRST SET OF EXPEDITED REQUESTS
FOR PRODUCTION TO DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 34 and the Court's Order expediting discovery, Plaintiff, Andrew Corporation, requests that Defendant, Daniel Cassinelli, produce at the offices of Freeborn & Peters, LLP, 311 South Wacker Drive, Suite 3000, Chicago, Illinois 60606, within seven (7) days of service, the documents requested below.

**DEFINITIONS**

1.      The terms "Defendant," "Cassinelli," "you," and "your" shall mean Defendant, Daniel Cassinelli, and all of his agents, representatives, and other persons acting or purporting to act on his behalf.

2.      The terms "Andrew Corporation" and "Andrew" shall mean Plaintiff, Andrew Corporation, including all of its affiliates, parents, or subsidiaries, and all of their agents, representatives, and other persons acting or purporting to act on their behalf.

3.      The term "PPC" shall mean PPC, including all of its affiliates, parents, or subsidiaries, and all of their agents, representatives, and other persons acting or purporting to act on its behalf.

4.      The terms "Andrew Customer" and "Andrew Customers" shall mean any person

including, without limitation, wireless and broadband providers, that purchases or purchased Andrew goods and services, including, without limitation, connectors, other 50 Ohm products, or any other product related to the wireless industry.

5.    The term "Potential Andrew Customer" shall mean any person, including, without limitation, wireless and broadband providers, whom you solicited or attempted to make the sale of any Andrew product to during your employment with Andrew, and any person of whom you are aware any other Andrew employee solicited or attempted to make the sale of any Andrew product to.

6.    The term "person" shall mean any natural person, partnership, association, firm, business organization, or government agency or body, as well as any divisions, subdivisions, bureaus, offices, or other units thereof.

7.    The terms "document(s)" or "documentation" are used in the same manner as those terms are defined in Fed. R. Civ. P. 34(a) and shall include, without limitation, all written, typewritten, handwritten, recorded or printed matter of any kind, including, without limitation, the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made upon such copies or otherwise, including, again without limitation, minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars,

teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including, but not limited to, information or programs stored in a computer, whether or not ever printed out or displayed), all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody or control. Without limiting the term "*control*" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof. The term "documents" also includes Electronic Data, as defined below.

8.      The term "Electronic Data" means data stored in, or accessible through, computer or other information retrieval systems and includes all non-identical copies of such data. Electronic Data includes, but is not limited to, electronic spreadsheets, databases with all records and fields and structural information (including Lotus Notes Discussion Databases and other online dialogs), charts, graphs and outlines, arrays of information and all other information used or produced by any software. Thus, you must produce documents that exist in electronic form, including data stored in personal computers, portable computers, workstations, minicomputers, personal data assistants, Blackberry or other similar devices, instant messaging text files, archival voice storage systems, group and collaborative tools, electronic messaging devices, mainframes, servers, backup disks and tapes, archive disks and tapes, portable hard drives,

memory cards, zip drives, iPods or other similar devices, cellphones and any other forms of online or offline storage. Further, Electronic Data responsive to the Requests herein must be made (and if necessary, translated by you) in reasonably useable form and produced.

9.      The terms "communicate," "communicated," or "communications" shall mean a disclosure, transfer or exchange of information, whether oral or in writing, and whether in person, by telephone, by mail or otherwise, including, but not limited to, discussions, meetings, statements, negotiations, inquiries, requests, notices, responses, demands or complaints.

10.     The terms "regarding," "relating to," or "concerning" shall mean constituting, analyzing, supporting, reflecting, describing, discussing, summarizing, referring to, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, or alluding to, in whole or in part.

11.     Terms used in the singular shall be deemed to include the plural and vice versa.

12.     Terms used in the masculine shall be deemed to include the feminine and vice versa.

13.     The terms "and" and "or" shall be construed both conjunctively and disjunctively in order to bring within these Requests to Produce all information and documents that otherwise might be construed as outside their scope.

## INSTRUCTIONS

1.      If you refuse to answer any Request, in whole or in part, under a claim of privilege, you should answer the Request to the fullest extent possible and, with respect to any material withheld under a claim of privilege, identify: (i) the nature and basis of the asserted privilege; (ii) the person or entity asserting the privilege; and (iii) the nature of the material

withheld under the claim of privilege with sufficient particularity to permit the Court to make an *in camera* determination regarding whether such privilege assertion is appropriate.

2.    If any of these Requests cannot be answered in full, please respond to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you do have concerning the unanswered portion.

3.    If you have knowledge of any document called for by these Requests that was, but is no longer, in your possession, custody, or control, please identify each such document or other material and state the circumstances under which you lost or relinquished possession, custody, or control of the document.

4.    These Requests are continuing in nature and require you to timely file supplemental responses if additional or different information is obtained.  You should include in any supplemental response the date and manner in which the additional or different information became known.

5.    Unless otherwise noted, these requests seek documents from 2004 through the present.

**REQUESTS  FOR PRODUCTION**

Pursuant to the Definitions and Instructions, please produce the following:

1.    All documents containing any information regarding or relating to Andrew, including, but not limited to, any documents containing information regarding Andrew Customers, Potential Andrew Customers, or Andrew employees.

**ANSWER:**

2.      All documents regarding or relating to your employment at Andrew or the termination of such employment.

**ANSWER:**


3.      All documents that you received while employed at Andrew, including, but not limited to, any documents maintained or saved on your home computer or otherwise maintained at your residence.

**ANSWER:**


4.      All documents relating to or regarding your relationship with PPC, including, but not limited to, documents addressing your compensation from, ownership in, or employment with PPC.

**ANSWER:**


5.      All communications between you and PPC regarding Andrew, Andrew employees, Andrew Customers, or Potential Andrew Customers, and the documents relating thereto.

**ANSWER:**


6.      All documents regarding or relating to any employment or activities you have undertaken related to the wireless industry since leaving Andrew.

**ANSWER:**

7.     All documents regarding or relating to any goods or services offered or provided by you to any Andrew Customer or Potential Andrew Customer, since the termination of your employment with Andrew.

**ANSWER:**

8.     All documents regarding or relating to any goods or services offered or provided by PPC to any Andrew Customer or Potential Andrew Customer, since the termination of Cassinelli's employment with Andrew.

**ANSWER:**

9.     All documents regarding or relating to Verizon Wireless, including, but not limited to, all documents and communications regarding or relating to goods or services offered or provided to it by you, since your termination of employment with Andrew.

**ANSWER:**

10.     All documents regarding or relating to the pricing or product information of Verizon Wireless that you compiled or helped to compile that was provided to, or intended to be provided to, PPC.

**ANSWER:**

11.     All documents relating to the employment of or the prospect of employment of any current or former Andrew employee or representative with PPC.

**ANSWER:**

12.    All documents sent to you and/or received by you from PPC while you were still employed by Andrew, including, but not limited to documents sent to your wife's email address, gcassinelli@si.rr.com, from PPC.

**ANSWER:**


                                              Respectfully submitted,

                                              ANDREW CORPORATION


                                              By:  _____
                                                   One of Its Attorneys

Jeffrey J. Mayer
Catherine A. Miller
Gia F. Colunga
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois  60606-6677
312.360.6000

Dated: June 17, 2008

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys for Andrew Corporation, hereby certifies that she caused a copy of the foregoing **Plaintiff's First Set of Expedited Requests for Production to Defendant Daniel Cassinelli** to be served upon the following parties via United States Mail and email before the hour of 5:00 p.m. this 17th day of June, 2008:

>Fredric C. Cohen
>Cheng Cohen LLC
>1101 W. Fulton Market, Suite 200
>Chicago, Illinois 60607
>Fredric.cohen@chengcohen.com

_____

Gia F. Colunga

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANDREW CORPORATION,

        Plaintiff,

        v.

DANIEL CASSINELLI,

        Defendant.

Case No. 08-C-3088

Honorable Harry D. Leinenweber

**PLAINTIFF'S FIRST SET OF EXPEDITED**
**INTERROGATORIES TO DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 33 and the Court's Order granting expediting discovery, Plaintiff, Andrew Corporation, requests that Defendant, Daniel Cassinelli, answer the interrogatories listed below in writing and under oath within seven (7) days of service.

**DEFINITIONS**

1.    The terms "Defendant," "Cassinelli," "you," and "your" shall mean Defendant Daniel Cassinelli, and all of his agents, representatives, and other persons acting or purporting to act on his behalf.

2.    The terms "Andrew Corporation" and "Andrew" shall mean Plaintiff Andrew Corporation, including all of its affiliates, parents, or subsidiaries, and all of their agents, representatives, and other persons acting or purporting to act on their behalf.

3.    The terms "PPC" shall mean PPC, including all of its affiliates, parents, or subsidiaries, and all of their agents, representatives, and other persons acting or purporting to act on its behalf.

4.    The terms "Andrew Customer" and "Andrew Customers" shall mean any person including, without limitation, wireless and broadband providers, that purchases or purchased

Andrew goods and services, including, without limitation, connectors, other 50 Ohm products, or any other product related to the wireless industry.

5.    The term "Potential Andrew Customer" shall mean any person including, without limitation, wireless and broadband providers, whom you solicited or attempted to make the sale of any Andrew product to during your employment with Andrew, and any person of whom you are aware any other Andrew employee solicited or attempted to make the sale of any Andrew product to.

6.    The term "person" shall mean any natural person, partnership, association, firm, business organization, or government agency or body, as well as any divisions, subdivisions, bureaus, offices, or other units thereof.

7.    The terms "document(s)" or "documentation" are used in the same manner as those terms are defined in Fed. R. Civ. P. 34(a) and shall include, without limitation, all written, typewritten, handwritten, recorded or printed matter of any kind, including, without limitation, the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made upon such copies or otherwise, including, again without limitation, minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files,

computer data (including, but not limited to, information or programs stored in a computer, whether or not ever printed out or displayed), all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody or control. Without limiting the term "*control*" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof. The term "documents" also includes Electronic Data, as defined below.

8.    The term "Electronic Data" means data stored in, or accessible through, computer or other information retrieval systems and includes all non-identical copies of such data. Electronic Data includes, but is not limited to, electronic spreadsheets, databases with all records and fields and structural information (including Lotus Notes Discussion Databases and other online dialogs), charts, graphs and outlines, arrays of information and all other information used or produced by any software. Thus, you must produce documents that exist in electronic form, including data stored in personal computers, portable computers, workstations, minicomputers, personal data assistants, Blackberry or other similar devices, instant messaging text files, archival voice storage systems, group and collaborative tools, electronic messaging devices, mainframes, servers, backup disks and tapes, archive disks and tapes, portable hard drives, memory cards, zip drives, iPods or other similar devices, cellphones and any other forms of

online or offline storage. Further, Electronic Data responsive to the Requests herein must be made (and if necessary, translated by you) in reasonably useable form and produced.

9. The terms "regarding," "relating to," or "concerning" shall mean constituting, analyzing, supporting, reflecting, describing, discussing, summarizing, referring to, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, or alluding to, in whole or in part.

10. Terms used in the singular shall be deemed to include the plural and vice versa.

11. Terms used in the masculine shall be deemed to include the feminine and vice versa.

12. The terms "and" and "or" shall be construed both conjunctively and disjunctively in order to bring within these Requests to Produce all information and documents that otherwise might be construed as outside their scope.

13. The term "identify," when referring to a document, requires you to provide: (i) a generic description of the document (*e.g.*, letter, memorandum, etc.); (ii) the date on which the document was prepared and issued; (iii) the name and address of each person who drafted, wrote, signed, initialed, dictated, or otherwise participated in the preparation of the document, as well as the name and address of each person to whom the document was sent or addressed (including each person to whom a copy of the document was sent or addressed); (iv) a brief description of the document's contents; and (v) the present location of the original and each non-identical copy of the document, or, if such locations are unknown, the last known locations of the original and each non-identical copy.

14. The term "identify," when referring to an individual, requires you to provide the person's full name, employer or business affiliation, employment title, last known business and

home address, last known business and home telephone number, and any other information necessary to locate that person.

15.     The term "identify," when referring to a business or other organization or entity, requires you to provide the business, organization, or entity's name, last known address, last known telephone number, and any other information necessary to locate the business, organization, or entity.

16.     The terms "communicate," "communicated," or "communications" shall mean a disclosure, transfer or exchange of information, whether oral or in writing, and whether in person, by telephone, by mail or otherwise, including, but not limited to, discussions, meetings, statements, negotiations, inquiries, requests, notices, responses, demands or complaints.

## INSTRUCTIONS

1.     If you refuse to answer any Interrogatory, in whole or in part, under a claim of privilege, you should answer the Interrogatory to the fullest extent possible and, with respect to any information withheld under a claim of privilege, identify:  (i) the nature and basis of the asserted privilege; (ii) the person or entity asserting the privilege; and (iii) the nature of the information or material withheld under the claim of privilege with sufficient particularity to permit the Court to make an *in camera* determination regarding whether such privilege assertion is appropriate.

2.     If any of these Interrogatories cannot be answered in full, please respond to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you do have concerning the unanswered portion.

3.     If you have knowledge of any document called for by these Interrogatories that was, but is no longer, in your possession, custody, or control, please identify each such document

or other material and state the circumstances under which you lost or relinquished possession, custody, or control of the document.

4.    These Interrogatories are continuing in nature and require you to timely file supplemental responses if additional or different information is obtained. You should include in any supplemental response the date and manner in which the additional or different information became known.

## INTERROGATORIES

Pursuant to the Definitions and Instructions, please answer the following Interrogatories:

1.    Identify all electronic-mail accounts, electronic calendar programs, telephone numbers (including mobile telephone numbers and carriers), computers or electronic-storage devices (including personal digital assistants) that you have used since 2004, including exact e-mail addresses used and current location of any computers or electronic storage devices.

**ANSWER:**


2.    Describe in detail your relationship with PPC, including your job responsibilities, the customers and markets served by PPC, all former Andrew employees currently employed by PPC, and the terms of your employment, including your compensation.

**ANSWER:**


3.    Identify all instances in which you or anyone working for PPC have solicited for current or future business, communicated with, or otherwise provided or attempted to provide goods or services of any kind to any Andrew Customer or Potential Andrew Customer.

**ANSWER:**

4.     Identify all information that you received from Andrew, or that you received or obtained during your employment with Andrew, that you consider confidential and the manner in which you preserved the confidentiality of said information.

**ANSWER:**


5.     Identify all persons with knowledge of your employment activities and/or the business activities of PPC in your assigned area or territory.

**ANSWER:**


Respectfully submitted,

ANDREW CORPORATION


By:     _____
        One of Its Attorneys

Jeffrey J. Mayer
Catherine A. Miller
Gia F. Colunga
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois  60606-6677
312.360.6000

Dated: June 17, 2008

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys for Andrew Corporation, hereby certifies that she caused a copy of the foregoing **Plaintiff's First Set of Expedited Interrogatories to Defendant** to be served upon the following parties via United States Mail and email before the hour of 5:00 p.m. this 17th day of June, 2008:

> Fredric C. Cohen
> Cheng Cohen LLC
> 1101 W. Fulton Market, Suite 200
> Chicago, Illinois 60607
> Fredric.cohen@chengcohen.com

_____
                    Gia F. Colunga

1549801v2