IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 08-C-3088 |
| v. | : | |
| | : | Honorable Harry D. Leinenweber |
| DANIEL CASSINELLI, | : | |
| | : | **Trial by Jury Demanded** |
| Defendant. | : | |

## ANSWER

Defendant, Daniel Cassinelli ("Cassinelli"), by his attorneys, Morrison Cohen LLP and Cheng Cohen LLC, as and for its Answer to the Complaint for Injunctive Relief and Other Relief, states as follows:

1.  Denies the allegations contained in paragraph 1 of the Complaint except admits Defendant was formerly Director of Regional Sales, Northeast Region for Andrew.

2.  Denies the allegations contained in paragraph 2 of the Complaint.

3.  Admits the allegations contained in paragraph 3 of the Complaint.

4.  Admits the allegations contained in paragraph 4 of the Complaint, except Defendant resides at 75 West Castor Place.

5.  Admits so much of the allegations contained in paragraph 5 of the Complaint that allege diversity jurisdiction exists, and otherwise denies the allegations of paragraph 5.

6.  Denies the allegations contained in paragraph 6 of the Complaint.

7.  Admits the allegations contained in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint except admits that Andrew provides some training to its sales staff.

11. Denies the allegations contained in paragraph 11 of the Complaint except admits the existence of the Customer Relationship Management System ("CRM"), and refers the Court thereto for its contents.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits the existence of the CRM System, and refers the Court thereto for its contents.

13. Denies the allegations contained in paragraph 13 of the Complaint, except admits the existence of MPAs and refers the Court thereto for their contents.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint except admits the execution of an Employee's Confidentiality, Invention Assignment, and Non-Compete Agreement (the "Agreement") and refers the Court thereto for the contents thereof.

18. Denies the allegations contained in paragraph 18 of the Complaint except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

19. Denies the allegations contained in paragraph 19 of the Complaint except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

20. Denies the allegations contained in paragraph 20 of the Complaint except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

21. Denies the allegations contained in paragraph 21 of the Complaint except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

22. Denies the allegations contained in paragraph 22 of the Complaint except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

23. Denies the allegations contained in paragraph 23 of the Complaint except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

24. Admits the allegation contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint except admits the signing the Agreement and refers the Court thereto for the contents thereof.

26. Denies the allegations contained in paragraph 26 of the Complaint, except admits the amount of compensation paid to Defendant is roughly accurate.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Admits the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint and avers that Defendant had pre-existing relationships with Verizon, Sprint and AT&T prior to his employment at Andrew.

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31. Admits the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint, except admits Defendant had access to the CRM System while employed at Andrew.

33. Denies the allegations contained in paragraph 33 of the Complaint, except admits receipt of various periodic electronic reports from Andrew during Defendant's employment.

34. Denies the allegations contained in paragraph 34 of the Complaint, except admits that Defendant participated, from time to time, in sales meetings while employed at Andrew.

35. Admits the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 18 of the Complaint, except admits that PPC and Andrew both sell connectors.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint, except admits that various PPC connectors are compatible with Andrew cable as well as cable manufactured by entities other than Andrew.

39. Admits the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint and avers that Defendant was told to continue working until Andrew made a decision as to whether April 18, 2008 would be his last day.

41. Denies the allegations contained in paragraph 41 of the Complaint except admits that Defendant continued to work on April 18, 2008 until he was told at approximately 3:30 p.m. that it would be his last day of work.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except admits that Defendant had an exit interview late in the day of April 18, 2008.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, except admits that Defendant informed Andrew he did not recall ever signing the Employment Agreement and declined to execute the Exit statement without first having an opportunity to review it with counsel.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint, except admits receipt of the April 25, 2008 letter and refers the Court thereto for the contents thereof.

48. Denies the allegations contained in paragraph 48 of the Complaint except admits the existence of the April 25, 2008 letter and refers the Court thereto for the contents thereof.

49. Denies the allegations contained in paragraph 49 of the Complaint, except admits receipt of the May 21, 2008 letter and refers the Court thereto for the contents.

50. Denies the allegations contained in paragraph 50 of the Complaint and avers that Andrew commenced suit prior to any response.

### AS TO COUNT I: BREACH OF THE EMPLOYMENT AGREEMENT

51. Defendant repeats and realleges each and every response to paragraphs 1 through 50 of the Complaint as if fully set forth at length herein.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint, except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

55. Denies the allegations contained in paragraph 55 of the Complaint, except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

56. Denies the allegations contained in paragraph 56 of the Complaint, except admits the existence of the Agreement and refers the Court thereto for the contents thereof.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Denies the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint.

## First Affirmative Defense

65. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## Second Affirmative Defense

66. The relief sought in the Complaint is barred in whole or in part because the agreement that Plaintiff seeks to enforce protects no legitimate business interest of Plaintiff, would render the Defendant unemployable, is overly broad in scope, contains no geographic limitation, and is otherwise unenforceable, void and/or voidable.

### Third Affirmative Defense

67. The relief sought in the Complaint is barred in whole or in part because the relief sought may violate the antitrust laws or otherwise have improper anticompetitive effect.

### Fourth Affirmative Defense

68. The relief sought in the Complaint is barred, in whole or in part, by the plaintiffs' laches, waiver or estoppel.

### Demand for Trial by Jury

69. Defendant demands a trial by jury with respect to all claims so triable.

WHEREFORE, Defendant, Daniel Cassinelli demands judgment against Plaintiffs dismissing Plaintiff's Complaint with prejudice, together with such other and further relief that the Court deems just and proper.

Dated: July 9, 2008

Respectfully submitted,

DANIEL CASSINELLI

By: /s/ Andrew P. Bleiman
Fredric A. Cohen
Andrew P. Bleiman
Cheng Cohen LLC
1101 West Fulton Market, Suite 200
Chicago, Illinois 60607
(312) 243-1717

- and -

David A. Piedra, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600

*Attorneys for Defendant*