IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 08-C-3088 |
| DANIEL CASSINELLI, | Honorable Harry D. Leinenweber |
| Defendant. | |

## PLAINTIFF'S STATUS REPORT

Plaintiff, Andrew Corporation, respectfully submits this Status Report to the Court in light of the upcoming hearing in this matter on Tuesday, July 29, 2008, and based on the events that have transpired since the parties last appeared before the Court.

## STATUS REPORT

By this action, Andrew seeks to enforce a confidentiality and non-compete agreement with one of its former employees, Cassinelli, who now works for one of Andrew's competitors, PPC. Cassinelli has admitted breaching his employment agreement by soliciting Andrew customers on behalf of PPC in order to sell them the same products he sold while employed by Andrew. (*See* Cassinelli's Interrogatory Responses, attached as Ex. A).

In light of the knowledge of Cassinelli's ongoing breaches, Andrew has acted to move this case along quickly in order to prevent any additional damage to it. However, it has not been unreasonable in doing so. Additional time was granted to Cassinelli to respond to Andrew's complaint, motion for injunctive relief and discovery, with the understanding that Cassinelli would provide discovery responses as soon as possible. At the hearing before this court on July 3, 2008, when lead counsel for Cassinelli, David Piedra, was unable to proceed to hearing on the motion for preliminary injunction during the week of July 28, 2008 due to a vacation, Andrew

understood the need to schedule the hearing for August 21, 2008, but requested a settlement conference in the interim in order to potentially resolve its claims.

At the July 3 hearing, counsel for Cassinelli also represented that Andrew should expect to receive discovery requests from it within the week. Cassinelli's counsel also indicated that he wanted to depose certain individuals. To date, Andrew has neither received any discovery from Cassinelli, nor has it received any confirmation with respect to deposition dates or availability of deponents. For its part, Andrew has reached out to Cassinelli's counsel several times with respect to scheduling depositions and has proffered dates to him for the Andrew individuals he indicated he wants to depose. (*See* 7/11/08 and 7/17/08 Emails from Catherine Miller to David Piedra, attached hereto as Ex. B). Andrew has received no response.

And, while Cassinelli timely-responded to Andrew's interrogatories and produced certain documents to Andrew, on July 2, 2008, counsel for Andrew and counsel for Cassinelli discussed additional documents that were missing from the production. Counsel for Cassinelli represented that Andrew may be required to execute a protective order in connection with certain documents he would likely have to obtain from PPC, and that Andrew should be receiving the production the following week. Nearly three weeks later, on July 23, 2008, Andrew received responses to its requests for production. A single three-page document was produced. Based on Cassinelli's responses and the failure to ever submit a protective order for Andrew's signature, it also appears that Cassinelli's counsel never had any intention of obtaining documents from PPC.

Finally, Andrew has yet to receive a settlement offer from Cassinelli, despite counsel's statements that "the ball is in [his] court" and that his "client is interested in settling this case as well." (*See* 7/8/08 and 7/14/08 Emails from Piedra to Miller, attached as Ex. C). During a

conference call with Magistrate Nolan on July 22, 2008, a settlement conference was scheduled for August 18, 2008.

On July 19, 2008, Mr. Piedra informed counsel for Andrew that new counsel would be entering its appearance on behalf of Cassinelli. During a telephone conversation with Amy Gaylord (Cassinelli's new counsel) on July 22, 2008, counsel for Andrew learned that Cassinelli now seeks to move the date of the preliminary injunction hearing due to counsel's conflict. Contrary to Mr. Piedra's statements regarding settlement, Ms. Gaylord instead represented that her client is prepared to litigate this case.

While Andrew certainly has no objection to Cassinelli substituting counsel (although his current counsel is certainly competent to handle this case), and is willing to reasonably cooperate, it is concerned when substitution of counsel appears to be a strategic maneuver to avoid, or at least further delay, this litigation. This is particularly troubling in light of Cassinelli's admission that he is competing. As demonstrated above, Andrew has done everything in its power to move this case along and fully explore settlement, and believes that Cassinelli's new counsel should take this case as it finds it and be prepared to argue Andrew's Motion for Preliminary Injunctive Relief on August 21, 2008.

July 25, 2008

Respectfully submitted,

ANDREW CORPORATION

By: /s/   Catherine A. Miller
One of Its Attorneys

Jeffrey J. Mayer
Catherine A. Miller
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois  60606-6677
312.360.6000

# EXHIBIT A

Case 1:08-cv-03088   Document 29   Filed 07/25/2008   Page 4 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW CORPORATION, | : | |
| Plaintiff, | : : : | Case No.. 08-C-3088 |
| v. | : : | Honorable Harry D. Leinenweber |
| DANIEL CASSINELLI, | : : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO FIRST SET OF**
**EXPEDITED INTERROGATORIES**

Defendant, Daniel Cassinelli, by his attorneys, Morrison Cohen LLP, as and for his response to the Plaintiff's First Set of Expedited Interrogatories, states as follows:

**GENERAL OBJECTIONS**

1. Defendant reserves all objections to the relevancy, competency, materiality, privilege and admissibility of these interrogatories and responses, including all objections as to the use of any documents produced as evidence for any purpose in this or any other proceeding.

2. Defendant objects to any interrogatory that calls for materials which are subject to attorney-client privilege or work product privilege immunity doctrine.

3. Defendant objects to any interrogatory to the extent it seeks the production of documents outside of Defendant's possession, custody or control. Specifically, Defendant objects to any interrogatory that calls for proprietary and confidential information that belongs to PPC without the entry of an appropriate protective order.

#1328874 v4 \015240 \0007

4.  Defendant's responses contain the best information currently available and are subject to additional and different knowledge or information concerning the relevant facts as may result from discovery, further investigation and pre-trial preparation by Defendant. Accordingly, Defendant reserves its right to correct, clarify, supplement, amend or supply additional or different information than that contained in these responses, if and when it has other or more accurate information.

5.  Defendant objects to each of the interrogatories to the extent it is overbroad, burdensome, ambiguous, vague and/or seeks the production of documents that are (i) irrelevant and/or (ii) not material and necessary to the claims and defenses of this action and/or (iii) not reasonably calculated to lead to the discovery of admissible evidence.

6.  Defendant objects to the definitions and instructions sections of the interrogatories to the extent that they purport to require anything more than the production of documents by Defendant and this written response and seek to impose obligations beyond what is required under the Federal Rules of Civil Procedure and/or the applicable local rules.

To the extent Defendant responds to document requests covered by these objections, Defendant's responses are without waiver and without prejudice concerning these objections, which are hereby explicitly preserved.

## RESPONSES

1.  Identify all electronic-mail accounts, electronic calendar programs, telephone numbers (including mobile telephone numbers and carriers), computers or electronic-storage devices (including personal digital assistants) that you have used since 2004, including exact e-mail addresses used and current location of any computers or electronic storage devices.

**ANSWER**:   Defendant objects to this request on the grounds that it is vague, overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his objections, Defendant states that since 2004 he has utilized the following email addresses for communication related to his employment (or termination of his employment) at Andrew, as well as for his personal use: dan.cassinelli@andrew.com and gcassinelli@si.rr.com. All email sent to PPC from the gcassinelli@si.rr.com email address is attached herewith.

Since 2004 defendant has utilized one or more computers in connection with his employment at Andrew, as well as for his personal use, the most recent being a Dell Latitude D600, which computer has been returned to Andrew. Additionally, Defendant maintained a back-up drive of that Dell computer in the ordinary course, and that back-up drive has been delivered to Defendant's counsel. Defendant also utilized a Blackberry personal digital assistant which, until April 18, 2008, was linked to the dan.cassinelli@andrew.com email address. Upon his employment at PPC on April 21, 2008, the contents of that device were erased and the device was linked to Defendant's PPC email address.

2.   Describe in detail your relationship with PPC, including your job responsibilities, the customers and markets served by PPC, and all former Andrew employees currently employed by PPC, and the terms of your employment, including your compensation.

**ANSWER**:   Defendant objects to this request on the grounds that it is vague, overbroad and unduly burdensome, and calls for the production of personal and confidential compensation information that is not relevant to this dispute, and not reasonably calculated to lead to the discovery of evidence relevant to this dispute. Subject to and without waiving his objections, Defendant states that effective April 21, 2008, Defendant became employed as Vice President of Wireless Sales for PPC in the United States. Defendant's responsibilities include the sale of PPC connectors to the wireless industry in the United States, and management of PPC sales to the wireless industry. Former PPC employees who are currently employees of PPC are Scott Harvey and Jason Taylor. No former Andrew employees have joined Defendant at PPC since April 21, 2008.

3.   Identify all instances in which you or anyone working for PPC have solicited for current or future business, communicated with, or otherwise provided or attempted to provide goods or services of any kind to any Andrew Customer or Potential Andrew Customers.

3

>    **ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Subject to and without waiving his objections, Defendant states that since April 21, 2008, Defendant has arranged for in-person meetings and/or telephone calls, the exact dates and times of which are unknown, with the following wireless carriers for the purpose of selling PPC connectors to them: AT&T, Verizon, Sprint, Alltel and U.S. Cellular. Both before and during his employment at Andrew, Defendant had personally solicited AT&T, Verizon and Sprint. Defendant had no personal contact with Alltel or U.S. Cellular while at Andrew, but was generally aware that those entities were customers or potential customers of Andrew.
>
>    Prior to Defendant's employment at PPC, employees of PPC had solicited the following wireless carriers for the sale of PPC connectors, and have continued to solicit these carriers since April 21, 2008: AT&T, Verizon, Sprint Nextel Corp., T-Mobile USA Inc., Alltel Corp., U.S. Cellular, Metro PCS Communications Corp., Leap Wireless (Cricket), Centennial Wireless, Rural Cellular and Cincinnati Bell Wireless. With the exception of the solicitations identified above, Defendant has not been directly involved in these solicitations.
>
>    Since Defendant's employment at PPC, Defendant has been involved in only one sale of connectors to the wireless industry. The sale was made to AT&T, by way of Velocitel, a wireless network services company. This sale, however, was not the result of a solicitation by the Defendant or anyone else at PPC. Defendant unexpectedly ran into David Olek, who worked at Velocitel, in a restaurant. When Mr. Olek inquired as to where Defendant was working, Defendant informed Mr. Olek that he was at PPC. Mr. Olek then asked Defendant if PPC could supply a specific type of connector to Velocitel, because Velocitel's current supplier (which is believed to be Andrew) could not deliver necessary connectors in a timely manner. After an expedited review of PPC's connectors, AT&T purchased the connectors from PPC per Mr. Olek's recommendation.

4.    Identify all information that you received from Andrew, or that you received or obtained during your employment with Andrew, that you consider confidential and the manner in which you preserved the confidentiality of said information.

>    **ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Subject to and without waiving his objections, defendant states that throughout his employment at Andrew he was provided, from time to time, with confidential information related to the sale of Andrew products. Defendant did not disclose such information to persons outside of Andrew, and thereby maintained the confidentiality of such information. All such information in the Defendant's possession was returned to Andrew with Defendant's Dell laptop computer, and Defendant did not retain paper records of any such confidential information. While Defendant did retain a computer back-

up drive that may contain Andrew confidential information that was also contained on the Defendant's Dell computer; that drive has been delivered to Defendant's counsel for safekeeping.

5.  Identify all persons with knowledge of your employment activities and/or the business activities of PPC in your assigned area or territory.

> **ANSWER**: Defendant objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Subject to his objections, defendant states that persons with knowledge of Defendant's employment activities would include Defendant and John Mezzalingua, President of PPC.

Dated: New York, NY
July 1, 2008

MORRISON COHEN LLP

By: _____
David A. Piedra, Esq.
909 Third Avenue
New York, NY 10022
(212) 735-8600

-and-

Fredric A. Cohen, Esq.
Cheng Cohen LLC
1101 West Fulton Market, Suite 200
Chicago, Illinois 60607
(312) 243-1717

*Attorneys for Defendant*

To: Jeffrey J. Mayer
Catherine A. Miller
Gia F. Colunga
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, ILL 60606-6677
(312) 360-6000

*Attorneys for Plaintiff*

## Declaration

Pursuant to 28 U.S.C. § 1746, I affirm under penalty of perjury that the foregoing Responses to Plaintiff's First Set of Expedited Interrogatories are true and correct to my own knowledge and belief, except as to matters stated upon information and belief, and as to those matters I believe them to be true.

Dated: July 1, 2008.

_____
Daniel Cassinelli

# EXHIBIT B

## Miller, Catherine A.

| | |
|---|---|
| **From:** | Miller, Catherine A. |
| **Sent:** | Friday, July 11, 2008 3:22 PM |
| **To:** | 'Piedra, David A.' |
| **Subject:** | Cassinelli |

David,

    I don't mean to be nasty about this, but another week has passed and we still have yet to hear anything in the way of a settlement offer, or to receive any additional documents. As my client wants to move the case ahead absent any reason to think that it may settle, I'm going to have to insist that we proceed with setting dates for depositions. We have just over five weeks until the preliminary injunction hearing (four if you consider that the week of your vacation is off limits), and from what I can see, we're going to have to coordinate depositions in both Illinois and New York. Right now I can tell you that we want to depose Cassinelli, John Mezzalingua and Scott Harvey. I realize that no subpoenas or deposition notices have gone out yet, but you can expect to receive them early next week. Please contact me with dates for these individuals on Monday, and let me know who you would like to depose on my end, and I will work on getting you dates. Thanks.

Cathy

**Catherine A. Miller**
**Freeborn & Peters LLP**
**311 S. Wacker Drive, Suite 3000**
**Chicago, IL 60606**
**(312) 360-6752**
Fax: (312) 360-6594
cmiller@freebornpeters.com

**Confidentiality Notice:** This email and its attachments (if any) contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender at cmiller@freebornpeters.com and permanently delete any copies of this email (digital or paper) in your possession.

Although we have taken steps to ensure that this email and its attachments (if any) are free from any virus, the recipient should, in keeping with good computing practice, also check this email and any attachments for the presence of viruses.

**Freeborn & Peters LLP**
http://www.freebornpeters.com

# Miller, Catherine A.

**From:** Miller, Catherine A.
**Sent:** Thursday, July 17, 2008 9:41 AM
**To:** 'Piedra, David A.'
**Subject:** Cassinelli

David,

I finally heard back from Judge Leinenweber's clerk yesterday, who informed me that Judge Leinenweber is not available on July 29 and that they are going to assign us to a new magistrate for purposes of the settlement conference. She also told me that we will not likely know who our magistrate is until at least Monday. In light of this information, I am going to try and get us a date during the first week of August for the conference.

Any word from your client with respect to settlement? I have to say that from my perspective, it doesn't appear as if they really want to settle this. We're prepared to go full-steam ahead, and I think that there is going to reach a point in time that we have enough time and money invested in this that settlement is going to prove much harder to entertain on my end. If you plan to get anything to us, I would suggest that you do so sooner as opposed to later.

You told me that I would likely receive documents from PPC last week. We're now almost through this week, and I still haven't seen anything. When can I expect to receive those? I would also appreciate a follow-up with respect to any additional documents in Cassinelli's possession that we previously discussed.

Finally, do you have dates that work for your people for depositions? We would like to get those set up. Thanks.

Cathy

**Catherine A. Miller**
**Freeborn & Peters LLP**
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6752
Fax: (312) 360-6594
cmiller@freebornpeters.com

**Confidentiality Notice:** This email and its attachments (if any) contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender at cmiller@freebornpeters.com and permanently delete any copies of this email (digital or paper) in your possession.

Although we have taken steps to ensure that this email and its attachments (if any) are free from any virus, the recipient should, in keeping with good computing practice, also check this email and any attachments for the presence of viruses.

**Freeborn & Peters LLP**
http://www.freebornpeters.com

## Miller, Catherine A.

| | |
|---|---|
| **From:** | Miller, Catherine A. |
| **Sent:** | Thursday, July 17, 2008 3:46 PM |
| **To:** | 'Piedra, David A.' |
| **Cc:** | Mayer, Jeffrey J. |
| **Subject:** | Cassinelli Depositions |

David,

Following up on my email from earlier today, Mr. McIlvain, Ms. Yahl and Ms. Kempke are available on August 11 or 12 for their depositions.

Cathy

Catherine A. Miller
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6752
Fax: (312) 360-6594
cmiller@freebornpeters.com

**Confidentiality Notice:** This email and its attachments (if any) contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender at cmiller@freebornpeters.com and permanently delete any copies of this email (digital or paper) in your possession.

Although we have taken steps to ensure that this email and its attachments (if any) are free from any virus, the recipient should, in keeping with good computing practice, also check this email and any attachments for the presence of viruses.

**Freeborn & Peters LLP**
http://www.freebornpeters.com

1

# EXHIBIT C

## Miller, Catherine A.

**From:** Piedra, David A. [mailto:dpiedra@morrisoncohen.com]
**Sent:** Tuesday, July 08, 2008 9:13 AM
**To:** Miller, Catherine A.
**Subject:** RE: Cassinelli

Cathy,

Thank you for the email. Unfortunately, given the intervening July 4th weekend, I was unable to have meaningful discussions with the client or with PPC last week, and I was out all day yesterday having some fairly significant oral surgery (my ability to speak is still limited). I will get back to you as soon as possible about settlement and discovery. While it may ultimately be necessary to move ahead with discovery, we should at least exhaust our settlement discussions. I recognize that the ball is in my court.

```
David A. Piedra
Partner
Morrison Cohen  LLP
909 Third Avenue
New York, NY 10022
(212)735-8775 (phone)
(917)522-3175 (fax)
(917)535-9386 (cell)
```

---

**From:** Miller, Catherine A. [mailto:cmiller@freebornpeters.com]
**Sent:** Tuesday, July 08, 2008 10:05 AM
**To:** Piedra, David A.
**Subject:** Cassinelli

David,

I haven't heard anything from you since the status hearing last week and am writing to inquire where things stand with respect to the production of documents, and more importantly, any settlement offer that may be forthcoming. It was represented at the hearing last week that you wanted to take some depositions, and in light of the fact that settlement talks have yet to go anywhere, we should probably go ahead and get those scheduled. We would like to depose a few individuals as well. I look forward to hearing from you.

Cathy

Catherine A. Miller

Freeborn & Peters LLP

311 S. Wacker Drive, Suite 3000

Chicago, IL 60606

(312) 360-6752

Fax: (312) 360-6594

cmiller@freebornpeters.com

**Confidentiality Notice:** This email and its attachments (if any) contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender at cmiller@freebornpeters.com and permanently delete any copies of this email (digital or paper) in your possession.

Although we have taken steps to ensure that this email and its attachments (if any) are free from any virus, the recipient should, in keeping with good computing practice, also check this email and any attachments for the presence of viruses.

**Freeborn & Peters LLP**
http://www.freebornpeters.com

---

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you.

Circular 230 Disclaimer: Please note that any tax advice contained in this communication (including attachments) is not intended or written to be used, and it cannot be used, for the purpose of (i) avoiding penalties that may be imposed on you or any taxpayer by the Internal Revenue Service or other tax authorities or (ii) promoting, marketing, or recommending to another party a partnership or other entity, investment plan or arrangement. There is no limitation on the disclosure of the tax treatment or tax structure of the matter discussed herein.

---

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you.

Circular 230 Disclaimer: Please note that any tax advice contained in this communication (including attachments) is not intended or written to be used, and it cannot be used, for the purpose of (i) avoiding penalties that may be imposed on you or any taxpayer by the Internal Revenue Service or other tax authorities or (ii) promoting, marketing, or recommending to another party a partnership or other entity, investment plan or arrangement. There is no limitation on the disclosure of the tax treatment or tax structure of the matter discussed herein.

## Miller, Catherine A.

**From:** Piedra, David A. [dpiedra@morrisoncohen.com]
**Sent:** Monday, July 14, 2008 6:33 AM
**To:** Miller, Catherine A.
**Subject:** RE: Cassinelli

Cathy,

You are not being nasty; you have been reasonable and cooperative. My client is interested in settling this case as well. Because I had advised the client that we were going to have a settlement conference or mediation at the end of this month, my client assumed in error that a settlement offer could wait until that conference. I have advised otherwise, and discussions will be had with Dan and internally at PPC to formulate an offer.

Obviously we both need in the meantime to protect our clients' interests and I will, of course, work with you to schedule depositions and other discovery in advance of the hearing date. We would like to depose Mr. McIlvaine, Ms. Kempke and Ms. Yahl. I think they could all be done in one day at your offices or at Andrew's corporate offices, if that would make things easier.

I am on jury duty today, so I will not be available for much of the day today, but feel free to email me and I will respond as soon as I can.

Thank you,

David A. Piedra
Partner
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
(212)735-8775 (phone)
(917)522-3175 (fax)
(917)535-9386 (cell)

---

**From:** Miller, Catherine A. [mailto:cmiller@freebornpeters.com]
**Sent:** Friday, July 11, 2008 4:22 PM
**To:** Piedra, David A.
**Subject:** Cassinelli

David,
  I don't mean to be nasty about this, but another week has passed and we still have yet to hear anything in the way of a settlement offer, or to receive any additional documents. As my client wants to move the case ahead absent any reason to think that it may settle, I'm going to have to insist that we proceed with setting dates for depositions. We have just over five weeks until the preliminary injunction hearing (four if you consider that the week of your vacation is off limits), and from what I can see, we're going to have to coordinate depositions in both Illinois and New York. Right now I can tell you that we want to depose Cassinelli, John Mezzalingua and Scott Harvey. I realize that no subpoenas or deposition notices have gone out yet, but you can expect to receive them early next week. Please contact me with dates for these individuals on Monday, and let me know who you would like to depose on my end, and I will work on getting you dates. Thanks.

Cathy

Catherine A. Miller

Freeborn & Peters LLP

311 S. Wacker Drive, Suite 3000

Chicago, IL 60606

(312) 360-6752

Fax: (312) 360-6594

cmiller@freebornpeters.com

**Confidentiality Notice:** This email and its attachments (if any) contain confidential information of the sender which is legally privileged. The information is intended only for the use by the direct addressees of the original sender of this email. If you are not an intended recipient of the original sender (or responsible for delivering the message to such person), you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance of the contents of and attachments to this email is strictly prohibited. We do not waive attorney-client or work product privilege by the transmission of this email. If you have received this email in error, please immediately notify the sender at cmiller@freebornpeters.com and permanently delete any copies of this email (digital or paper) in your possession.

Although we have taken steps to ensure that this email and its attachments (if any) are free from any virus, the recipient should, in keeping with good computing practice, also check this email and any attachments for the presence of viruses.

**Freeborn & Peters LLP**
http://www.freebornpeters.com

---

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you.

Circular 230 Disclaimer: Please note that any tax advice contained in this communication (including attachments) is not intended or written to be used, and it cannot be used, for the purpose of (i) avoiding penalties that may be imposed on you or any taxpayer by the Internal Revenue Service or other tax authorities or (ii) promoting, marketing, or recommending to another party a partnership or other entity, investment plan or arrangement. There is no limitation on the disclosure of the tax treatment or tax structure of the matter discussed herein.