**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ANDREW CORPORATION,** | |
| Plaintiff, | Case No. 08 C 3088 |
| v. | Hon. Harry D. Leinenweber |
| **DANIEL CASSINELLI,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court are Plaintiff's Motion to Enforce Agreed Stipulation and Injunctive Order and a Supplement to the Motion. For the reasons stated herein, Plaintiff's Motion is **granted in part** and **denied in part**.

### I. BACKGROUND

On May 28, 2008, Plaintiff Andrew Corporation (hereinafter, "Andrew") filed a Complaint against its former employee, Defendant Daniel Cassinelli (hereinafter, "Cassinelli"), alleging that Cassinelli breached his employment agreement with Andrew. The Complaint alleged that, Cassinelli resigned from Andrew, accepted a position with its competitor, John Mezzalingua Associates, d/b/a PPC ("PPC"), and schemed to use Andrew's confidential information and customer relationships to benefit PPC. *See* Comp. ¶¶ 1-2.

On August 27, 2008, Andrew, Cassinelli, and PPC executed a Settlement and Mutual General Release Agreement (the "Settlement

Agreement") and an Agreed Stipulation and Injunctive Order (the "Agreed Stipulation"). In the Settlement Agreement, Cassinelli agreed not to "solicit or service" any customers with whom he worked during his last year at Andrew as well as any individuals in the wireless industry with whom he personally had contact during his last year at Andrew. *See* Settlement Agreement at ¶ 1(a). These restraints were applicable until March 15, 2009. *Id.* The parties also agreed to the following restraint:

> Cassinelli and PPC agree not to utilize in any way the Andrew Confidential information that Cassinelli obtained during his employment with Andrew, specifically including but not limited to information on his Andrew Computer, backup, or Blackberry. Cassinelli and PPC further agree to permanently delete any and all Andrew Confidential Information from Cassinelli's PPC and personal computer and his Blackberry, or any other computer or handheld electronic device in their possession, custody or control on which Andrew Confidential Information is stored. To the extent that any Andrew Confidential Information has been sent to or transmitted within PPC by any means, PPC agrees to delete the Andrew Confidential Information from its computers and/or databases and destroy any copies that may have been created therefrom. In order to implement this provision, the parties will engage in a joint inspection of Cassinelli's computers and delete all confidential information and confirm that no information from Andrew is contained on the computer or in the home office. In the event that any information was transmitted to other PPC locations or employees by any means, such information will be deleted and the Parties will implement other necessary remedial measures, including inspection of PPC computers, and prohibitions on customer contact, as necessary. . . . If the information was not transmitted from

>   Cassinelli to other PPC personnel, PPC is deemed presumptively to not be using Andrew Confidential Information, and any alleged future violation or participation in such violation of such provisions of Cassinelli's Agreement must to *[sic]* be proven by evidence of actual copying from Andrew documents or electronic records.

*Id.* at ¶ 1(b). The Settlement Agreement defines Andrew Confidential Information as "Andrew confidential information obtained by Cassinelli during his employment at Andrew, including but not limited to pricing information, forecasts for Andrew's customers, Andrew's customer contacts, product road maps for next-generation Andrew technology, sales, marketing and business plans, and information on customer buying habits and preferences." *Id.* at ¶ F.

The parties agreed to retain the Court's jurisdiction to enforce the terms of the Settlement Agreement until June 1, 2009, unless a breach is asserted. *See* Agreed Stipulation ¶¶ 2, 5. If the Court finds a willful breach, it may award "relief as it deems appropriate, including reasonable attorneys' fees or the appointment of a Special Master as *[sic]* the breach parties expense to minitor *[sic]* the breaching party." *Id.* at ¶ 4.

In its Motion to Enforce, filed on October 27, 2008, Andrew identified seven e-mails from the forensic image of Cassinelli's computer that it believed contain Andrew Confidential Information. *See* Pl.'s Mot. to Enforce at ¶¶ 7-13. Andrew argued that the presence these files on Cassinelli's computer indicated a willful

breach of the Settlement Agreement.  *Id.* at ¶ 13.  Andrew requested that the Court require an investigation, including a search of PPC's e-mail server and the computers of certain PPC employees identified in the e-mails.  *Id.* at ¶¶ 16-18.

On October 31, 2008, the Court ordered that the parties conduct limited discovery to determine whether PPC and Cassinelli were complying with their obligations under the Settlement Agreement.  *See* Oct. 31, 2008 Minute Order.

In its Supplement, filed on February 12, 2009, Andrew contends that the discovery has confirmed that PPC and Cassinelli have breached their obligations under the Settlement Agreement.  Andrew also argues that PPC and Cassinelli have failed to comply with their discovery obligations pursuant to the Court's October 31, 2008 Order.  Andrew alleges that PPC and Cassinelli purposely have stalled discovery and have failed to comply with the Settlement Order in an effort to reach March 15, 2009, the date on which competitive restrictions are scheduled to terminate.

In response, Cassinelli contends that both PPC and he have complied fully with the obligations under the Settlement Agreement. After Andrew objected to seven specific e-mails, PPC deleted the files identified and ran a search to determine whether the e-mails were forwarded and whether similar documents exist.  Cassinelli avers that Andrew has used this litigation and has filed its motions to enforce, in order to thwart competition.

## II. ANALYSIS

### A. Breach of the Settlement Agreement

Andrew claims that both PPC and Cassinelli have breached their obligations under the Settlement Agreement. First, Andrew contends that Cassinelli has violated the restriction on soliciting and servicing certain customers. Second, Andrew argues that PPC and Cassinelli have not complied with their duty to identify and delete all Andrew Confidential Information from PPC's systems and files.

#### *1. Restriction on Solicitation and Service*

Pursuant to the Settlement Agreement, Cassinelli is restricted from servicing and soliciting certain customers. *See* Settlement Agreement ¶ 1(a). After the settlement, evidence shows that PPC altered Cassinelli's primary job responsibilities to help him comply with the non-solicitation restriction and the other provisions in the Settlement Agreement, and PPC's President and General Counsel have met with Cassinelli on multiple occasions to confirm his compliance. *See* Cassinelli Dep. at 52-55; Malak Decl. ¶¶ 5-7. In his deposition, Cassinelli testified that he understands and has complied with the restriction on solicitation and service. *See* Cassinelli Dep. at 8-17. When contacted by a customer whom he is prohibited from contacting, Cassinelli informs them that he is unable to assist them and refers them to another member of the PPC sales department. *See id.* at 16-17. Cassinelli maintains a log documenting these customer calls. *Id.*

Andrew argues that Cassinelli's call log, which documents 36 calls from the same 10 prohibited customers, demonstrates that Cassinelli failed to comply with the restriction on solicitation and service. In open court, Cassinelli's counsel suggested that these calls were not prohibited business communications, but were personal in nature. At this point, no affidavits or other evidence supporting or refuting this contention have been filed.

The Court finds that Andrew has raised a question of fact as to whether Cassinelli breached his duty not to solicit or service certain customers. However, given Cassinelli's sworn deposition testimony, the Court finds no conclusive evidence to date that Cassinelli has breached this restriction.

### *2. Restriction on Use of Andrew Confidential Information*

In its Motion, Andrew identified seven e-mails that it argues show that Andrew Confidential Information was transmitted within PPC in violation of the Settlement Agreement. *See* Pl.'s Mot. to Enforce at ¶¶ 7-13. The parties dispute whether these e-mails fall within of the scope of protected information; nevertheless, PPC deleted these e-mails from its electronic data systems and ran a list of 26 search terms based on the wording in the seven e-mails to identify similar documents. *See* Gough Dep. 16-27. This search was conducted on PPC's e-mail server and on the computers of Cassinelli and the individuals with whom he worked. *See id.*

Andrew now argues that PPC and Cassinelli have: (1) failed to identify all Andrew Confidential Information, (2) failed to search all PPC computer and hard copy files to identify such information, and (3) failed to delete such information from its systems. Furthermore, Andrew argues that PPC's failure to provide a report to Andrew as to how many files contained Andrew Confidential Information, which files were found on whose computers, or what files were deleted constitutes a breach. Finally, Andrew contends that PPC has done nothing to ensure its employees' compliance and that PPC does not know the extent to which Andrew Confidential Information has been used by its employees.

In response, Cassinelli argues that Andrew has failed to demonstrate any breach. After the Settlement Agreement, PPC retained Impact Forensics, a computer document discovery firm, to identify and delete Andrew Confidential Information. PPC provided a forensic image of Cassinelli's computer to Andrew and deleted 813 documents that Andrew believed to be confidential. *See* Gough Dep. 16-27; Morris Aff. ¶ 4. In order to comply with the Court's discovery order, PPC conducted additional searching based on the content of the seven e-mails identified by Andrew. Impact forensically imaged PPC's e-mail server, seven computers used by Cassinelli and PPC employees who work with Cassinelli, and a scratch drive, searched for 26 terms to identify potential Andrew

Confidential Information, and deleted all responsive documents. *See* Gough Decl. ¶¶ 8-13.

The Court finds that some of the e-mails identified by Andrew contain Andrew Confidential Information as defined by the Settlement Agreement. For example, on July 23, 2008, Cassinelli sent a PPC employee his contact list that he compiled while employed by Andrew. In another e-mail dated August 5, 2008, Cassinelli sent coworkers a list of his accounts and addresses from Andrew. Pursuant to the terms of the Settlement Agreement, PPC and Cassinelli must refrain from using such information, delete permanently these files from PPC's computers and databases, and destroy any copies of these files. *See* Settlement Agreement 1(b).

The evidence shows that PPC has deleted all seven e-mails from Cassinelli's computer, its e-mail database, and the computers of its employees who work with Cassinelli. *See id.* at ¶¶ 8-13. However, the seven e-mails identified in the Motion to Enforce were mere examples, not an exhaustive list, of potential violations of the Settlement Agreement. Once alerted to the existence of such documents, PPC was required to conduct a search to determine the dissemination of such information and whether similar files exist.

PPC has not provided sufficient information to demonstrate to Andrew and to the Court that it has complied with its duties to identify and delete all Andrew Confidential Information. First, the Court agrees with Andrew's contention that PPC has failed to

conduct an appropriate search for all Andrew Confidential Information. Based on the nature of PPC's computer system, PPC appears to have searched appropriate e-mail databases and employee computers, and the Court does not suggest that all 300 PPC computers need be searched. However, in order to comply with the duty to find and delete Andrew Confidential Information, a comprehensive list of terms is required. The search conducted by Impact with a list of 26 search terms based on the seven e-mails was deficient. Second, the Court finds that PPC has failed to provide sufficient information to confirm that Andrew Confidential Information was identified and deleted. Andrew requested a report of the files that included Andrew Confidential Information, the specific computers containing such information, and whether these files were deleted, and PPC's corporate representative testified that such report is being prepared. *See* Gough Dep. 27-28. To date, PPC has not provided this report to Andrew. Therefore, the Court finds that PPC has not complied fully with its obligations to identify and delete Andrew Confidential Information.

## B. Remedies

Andrew requests that the Court enter an order: (1) extending the competitive restrictions on both PPC and Cassinelli until March 15, 2010; (2) awarding Andrew its fees and costs for its Motion to Enforce and related discovery; and (3) appointing a Special Master to oversee Cassinelli's and PPC's compliance with

the Settlement Agreement. Cassinelli and PPC argue that the requested relief, particularly the order extending the restrictions until March 2010, is unduly oppressive.

Upon finding a breach of the Settlement Agreement, the Court has the authority to award appropriate relief, including reasonable attorneys' fees and the appointment of a Special Master at the breaching party's expense. *See* Agreed Stipulation ¶ 4. As discussed above, the evidence indicates that PPC has not complied fully with its obligations. Specifically, PPC did not conduct an appropriate search and failed to demonstrate its compliance regarding reporting the extent of dissemination and deletion of Andrew Confidential Information. Andrew has also raised questions about whether Cassinelli personally violated the restriction on soliciting and serving certain customers. Consequently, the Court finds it necessary to appoint a Special Master at PPC's expense to oversee compliance with the Settlement Agreement.

Andrew also seeks attorneys' fees for its Motion to Enforce and Supplement. Andrew has provided ample information showing that PPC and Cassinelli failed to comply fully and promptly with the Court's October 31, 2008 order granting discovery regarding their compliance with the Settlement Agreement. Andrew has demonstrated that PPC and Cassinelli (1) did not respond fully or timely to discovery requests, (2) failed to produce Cassinelli for his deposition in a timely manner, and (3) failed to provide to Andrew

a record of files containing Andrew Confidential Information that were deleted. Given these delays and failure to cooperate along with the breaches established through discovery, the Court finds that Andrew is entitled to reasonable attorneys' fees.

The Court rejects, however, Andrew's request to extend the competitive restrictions in the Settlement Agreement. Cassinelli testified that he has complied with his obligations, including refraining from using or disseminating Andrew Confidential Information and not soliciting or servicing his former Andrew customers. *See* Cassinelli Dep. 8-17. Likewise, the Court finds that PPC has demonstrated that it has made efforts to comply with the Settlement Agreement, including altering Cassinelli's job duties and retaining an outside provider to identify and delete Andrew Confidential Information. The Court notes that, although it has authority to award further relief, this requested remedy was not bargained for or agreed upon in the parties' Settlement Agreement or Agreed Stipulation. Thus, the Court finds that an extension of the competitive restrictions as to either Cassinelli or PPC would be unduly harsh and unnecessary.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Andrew's Motion to Enforce and Supplement. The Court awards Andrew its fees related to its Motion to Enforce and Supplement and appoints a Special Master at PPC's expense to

oversee compliance with the Settlement Agreement according to the following procedures. Andrew is ordered to suggest a Special Master to the Court within five days of this Order, and PPC has five days to object to Andrew's suggestion.

**IT IS SO ORDERED.**

                                         Harry D. Leinenweber, Judge
                                         United States District Court

Dated:   3/19/2009